UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL BESSLER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-6362** |
| **BOARD OF IMMIGRATION APPEALS, ET AL.** | **SECTION "O"** |

### ORDER AND REASONS

Before the Court in this Administrative Procedure Act case is Defendants' motion[1] to dismiss Plaintiff Michael Bessler's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or, alternatively, for a stay. This suit challenges the denial of Plaintiff's Form I-130 petition seeking to permit his wife—a citizen of China—to immigrate to the United States. The United States Citizenship and Immigration Services ("USCIS") denied Plaintiff's petition under the Adam Walsh Act—a federal law requiring petitioners convicted of a "specified offense against a minor" to show that they pose "no risk" to the petition beneficiary—because the USCIS concluded that Plaintiff had been convicted of a qualifying offense and that Plaintiff had failed to show that he posed "no risk" to his wife. Here, Plaintiff alleges the Act is impermissibly retroactive and USCIS misapplied its no-risk determination. But Plaintiff's retroactivity challenge fails to state a claim. And the Court lacks jurisdiction to review his challenges to USCIS's no-risk determination. Accordingly, for these reasons and those that follow, the motion to dismiss is **GRANTED**.

---

[1] ECF No. 12.

I. **BACKGROUND**

The Court starts with a review of the immigration rules relevant to this challenge to USCIS's denial of Plaintiff's petition. The Immigration and Nationality Act ("INA") permits a United States citizen to file an I-130 petition requesting that the Attorney General of the United States recognize a foreign-national family member, like a spouse, as an "immediate relative." 8 U.S.C. § 1154(a)(1)(A)(i); *see also* 8 C.F.R. § 204.1(a)(1). In response to that request, "the Attorney General shall" approve the I-130 petition "if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative . . . ." 8 U.S.C. § 1154(b). The foreign-national family member may then enter the United States without regard to numerical limits on immigration. 8 U.S.C. § 1151(b).

But the Adam Walsh Child Protection and Safety Act of 2006 stands as an exception to that allowance. *See* PUB. L. NO. 109-248, 120 STAT 587 (codified at 8 U.S.C. § 1154(a)(1)(A)(viii)(I) & (B)(i)(I)). Under the Adam Walsh Act, the general rule permitting a United States citizen to petition for family members to receive immediate-relative status does "not apply to a citizen of the United States who has been convicted of a specified offense against a minor, unless the Secretary of Homeland Security, *in the Secretary's sole and unreviewable discretion*, determines that the citizen poses no risk to the alien with respect to whom the petition . . . is filed." 8 U.S.C. § 1154(a)(1)(A)(viii)(I) (emphasis added). USCIS, which is a component of the Department of Homeland Security, interprets the Adam Walsh Act's no-risk requirement to mean that "a petitioner who has been convicted of a

2

specified offense against a minor must submit evidence of rehabilitation and any other relevant evidence that clearly demonstrates, beyond any reasonable doubt, that he or she poses no risk to the safety and well-being of his or her intended beneficiary(ies)."[2] The Act in turn defines "specified offense against a minor" to include "an offense against a minor that involves . . . [a]ny conduct that by its nature is a sex offense against a minor." 34 U.S.C. § 20911(7)(I). The upshot of the Act is that a citizen convicted of a "specified offense against a minor," like Plaintiff, is ineligible to sponsor their immediate relative's immigration petition unless the Secretary of Homeland Security—though USCIS—affirmatively acts in the petitioner's favor. *See* 8 U.S.C. § 1154(a)(1)(A)(viii)(I). Whether the Secretary (through USCIS) ultimately does so is committed to the Secretary's "sole and unreviewable discretion." *Id.*

Turning to the facts here, Plaintiff is a United States citizen who was convicted of criminal sexual assault of a nine-year-old child in 1990.[3] All agree: Plaintiff's conviction is a "specified offense against a minor" under the Adam Walsh Act.[4]

Nearly nineteen years after Plaintiff's sexual-assault conviction, Plaintiff married a Chinese citizen.[5] A few months after they married, Plaintiff filed a Form I-310 petition to classify his wife as his immediate relative.[6]

---

[2] *See* United States Citizenship and Immigration Services, *Guidance for Adjudication of Family Based Petitions and I-129F Petition for Alien Fiancé(e) under the Adam Walsh Child Protection and Safety Act of 2006* (Feb. 8, 2007).

[3] ECF No. 1-11 at 66–67; ECF No. 1-13 at 21. Plaintiff alleges that he was convicted in 1989, ECF No. 1 at ¶ 17, but the order adjudicating him guilty in accordance with his guilty plea is dated 1990, ECF No. 1-11 at 66.

[4] *See* ECF No. 1 at ¶ 17 (admitting that Plaintiff's conviction "is considered a 'specified offense against a minor' for purposes of the [Adam Walsh Act]").

[5] *Id.* at ¶ 18; *see also* ECF No. 1-8 at 9.

[6] ECF No. 1 at ¶ 15; *see also* ECF No. 1-8.

3

In response, USCIS notified Plaintiff that it intended to deny his petition under the Adam Walsh Act based on his criminal-sexual-assault conviction.[7] But before that denial became final, USCIS gave Plaintiff "an opportunity to submit documentary evidence in an effort to overcome" the grounds for the denial.[8] Plaintiff did so.[9]

After reviewing Plaintiff's evidence, USCIS denied his petition.[10] Citing the Adam Walsh Act, USCIS concluded Plaintiff had been convicted of a "specified offense against a minor" and Plaintiff "failed to demonstrate he poses no risk to" his spouse.[11]

Plaintiff appealed the denial of his petition to the Board of Immigration Appeals.[12] But the Board dismissed his appeal.[13] In so doing, the Board "decline[d] to disturb" USCIS's decision that the Adam Walsh Act barred USCIS from granting the petition, and the Board noted that USCIS's no-risk determination under the Act had "been delegated to the sole and unreviewable discretion of" USCIS.[14]

This Administrative Procedure Act lawsuit followed.[15] Challenging USCIS's denial of his petition under the Adam Walsh Act, Plaintiff brought a three-count complaint against the Attorney General of the United States, the Secretary of the Department of Homeland Security, the USCIS Director, the Chief Appellate

---

[7] ECF No. 1 at ¶ 18; *see also* ECF No. 1-10.
[8] ECF No. 1-10 at 1.
[9] ECF No. 1 at ¶¶ 19–20; *see also* ECF No. 1-11.
[10] ECF No. 1 at ¶ 22; *see generally* ECF No. 1-12.
[11] ECF No. 1 at ¶ 22; *see also* ECF No. 1-12 at 5.
[12] ECF No. 1-13.
[13] *See generally* ECF No. 1-14.
[14] ECF No. 1-14 at 2–3 (internal quotation marks and citation omitted).
[15] *See generally* ECF No. 1.

4

Immigration Judge of the Board of Immigration Appeals, and the Director of the National Benefits Center.[16] Defendants are sued in their official capacities only.[17]

For count one, Plaintiff alleges that the Adam Walsh Act violates the Ex Post Facto Clause of the United States Constitution because it is an "impermissibly retroactive" law.[18] Plaintiff reasons that the Act is impermissibly retroactive because Congress passed the Act in 2006—over a decade-and-a-half after Plaintiff's conviction—and the Act "abridges [Plaintiff's] freedom of marriage and family life."[19]

For count two, Plaintiff alleges that USCIS misapplied the no-risk assessment under the Act because it did not consider Plaintiff's potential risk to his spouse.[20] And for count three, Plaintiff alleges that USCIS violated the Administrative Procedure Act by arbitrarily and capriciously failing to act in good faith in its adjudication of Plaintiff's petition and by unreasonably and unlawfully denying the petition.[21]

Now, Defendants move the Court to dismiss Plaintiff's complaint under Rules 12(b)(1) and 12(b)(6).[22] They alternatively move for a stay of this case pending USCIS's adjudication of Plaintiff's second Form I-130 petition.[23] Plaintiff opposes.[24]

---

[16] *Id.* at ¶¶ 9–13.
[17] *Id.*
[18] *Id.* at ¶¶ 26–35.
[19] *Id.* at ¶¶ 33, 35.
[20] *Id.* at ¶¶ 36–42.
[21] *Id.* at ¶¶ 43–51.
[22] ECF No. 12 at 1.
[23] *Id.*; *see also* ECF No. 12-1 at 17.
[24] ECF No. 14.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

A party may move to dismiss a case for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). The Court may assess subject-matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (internal citation omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction," so "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* (internal citations omitted).

### B. Rule 12(b)(6)

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint that does not meet Rule 8(a)(2)'s pleading standard should be dismissed for failing to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitations of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at

6

555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Ultimately, "[t]o survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although '[courts] accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff, conclusory allegations, unwarranted factual inferences, or legal conclusions are not accepted as true.'" *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (quoting *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023)).

### III. ANALYSIS

Defendants move to dismiss Plaintiff's retroactivity challenge to the Adam Walsh Act (count one) for failure to state a claim.[25] And Defendants move to dismiss Plaintiff's challenges to USCIS's no-risk determination under the Act (counts two and three) for lack of jurisdiction.[26] Because "[j]urisdiction is always first," *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022) (quotation omitted), the Court considers Defendants' motion to dismiss counts two and three before turning to count one.

---

[25] ECF No. 12-1 at 7–9.
[26] *Id.* at 11–14.

**A.     Counts Two and Three: Lack of Subject-Matter Jurisdiction.**

The Court dismisses counts two and three under Rule 12(b)(1) because Plaintiff fails to carry his burden, as the party invoking the Court's jurisdiction, to show that the Court has subject-matter jurisdiction to review USCIS's no-risk determination and the process by which USCIS exercised its "sole and unreviewable discretion" to conclude that Plaintiff failed to show that he posed no risk to his wife.

The Court lacks subject-matter jurisdiction over counts two and three. At their core, both counts challenge USCIS's no-risk determination and the processes USCIS employed to make that determination. But the Adam Walsh Act, alone and in combination with the INA, precludes judicial review of not only USCIS's no-risk determination—but also the processes behind USCIS's no-risk determination.

District courts have jurisdiction to review agency action under the APA subject to "preclusion-of-review statutes created or retained by Congress." *Califano v. Sanders*, 430 U.S. 99, 105 (1977). The APA in turn bars judicial review where "statutes preclude judicial review" or "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). As relevant here, the INA provides that "no court shall have jurisdiction to review . . . any decision or action of . . . the Secretary of Homeland Security for which is specified under this subchapter to be in the discretion of . . . the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). The Adam Walsh Act no-risk determination is a "decision or action . . . specified under this subchapter to be in the discretion of" the Secretary, *id.*, because the Adam Walsh Act grants the Secretary "sole and unreviewable discretion" to "determine[ ]" if the petitioner "poses

no risk to the alien." 8 U.S.C § 1154(a)(1)(A)(viii)(I). Accordingly, because the Adam Walsh Act grants the Secretary the "sole and unreviewable discretion" to make a no-risk determination, and because the INA strips courts of subject-matter jurisdiction to review discretionary decisions of the Secretary, the Court lacks subject-matter jurisdiction to review Plaintiff's challenge to USCIS's no-risk determination here.

To be sure, the parties have not cited, and the Court has not located, published Fifth Circuit precedent answering the specific question whether an Adam Walsh Act no-risk determination is subject to judicial review. But every federal appellate court that has considered that question has answered "no": Courts may not review the Secretary's discretionary no-risk determination under the Adam Walsh Act or the processes employed to reach that determination. *See, e.g., Bourdon v. Dep't of Homeland Sec.*, 940 F.3d 537, 542–44 (11th Cir. 2019) (holding that courts lack authority to review not only the discretionary no-risk determination but also the processes employed to make that determination); *Bakran v. Sec'y, U.S. Dep't of Homeland Sec.*, 894 F.3d 557, 563 (3d Cir. 2018) (same); *Gebhardt v. Nielsen*, 879 F.3d 980, 987 (9th Cir. 2018) (same); *Privett v. Sec'y, Dep't of Homeland Sec.*, 865 F.3d 375, 380–81 (6th Cir. 2017) (same); *Roland v. U.S. Citizenship & Immigr. Servs.*, 850 F.3d 625, 629–30 (6th Cir. 2017) (same); *Bremer v. Johnson*, 834 F.3d 925, 930 (8th Cir. 2016) (same). Plaintiff's response does not acknowledge any of these authorities or otherwise persuade the Court that the consensus among the circuits is wrong.[27]

---

[27] *See generally* ECF No. 14.

Accordingly, because the Court lacks subject-matter jurisdiction to review USCIS's no-risk determination and the processes USCIS employed to reach that no-risk determination, the Court grants Defendants' motion to dismiss count two and three of the complaint without prejudice for lack of subject-matter jurisdiction.

### B. Count One: Failure to State a Claim

The Court dismisses count one—Plaintiff's retroactivity challenge to the Adam Walsh Act—for failure to state a claim because the Adam Walsh Act is not impermissibly retroactive and does not violate the Ex Post Facto Clause.

"The so-called Ex Post Facto Clause. . . refers to two prohibitions—one against the Congress and one against the states—that forbid the government from enacting any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" *United States v. Young*, 585 F.3d 199, 202 (5th Cir. 2009) (alterations and footnotes omitted) (quoting *Cummings v. Missouri*, 71 U.S. 277, 325–26 (1867)). Only the prohibition against Congress is relevant here. *See* U.S. CONST. art. I, § 9, cl. 3.

To decide if applying the Adam Walsh Act to Plaintiff's petition violates the Ex Post Facto Clause, the Court employs a two-step inquiry. *See Smith v. Doe*, 538 U.S. 84, 92 (2003). The Court first asks if Congress meant to establish a civil scheme—rather than a punitive one—when it enacted the Adam Walsh Act. *See id.* If Congress intended to impose punishment, the Adam Walsh Act "is automatically unconstitutional." *Young*, 585 F.3d at 204 (citing *Smith*, 538 U.S. at 92). But if Congress instead intended "to enact a regulatory scheme that is civil and

10

nonpunitive," the Court asks if " the Act is "so punitive either in purpose or effect as to negate [Congress'] intention to deem it civil." *Id.* (citations and quotation omitted).

As for the first step, Congress meant to establish a civil scheme—not a punitive one—when it enacted the Adam Walsh Act. Congress passed the Adam Walsh Act "[t]o protect children from sexual exploitation and violent crime, to prevent child abuse and child pornography, to promote Internet safety, and to honor the memory of . . . child crime victims." PUB. L. NO. 109-248, § 102, 120 STAT. 587, 587 (2006). As Congress' own language indicates, "the entire [statutory] scheme focuses on prevention—not punishment." *Gebhardt*, 879 F.3d at 986 (citing PUB. L. NO. 109-248, 120 STAT. 587, 622). In the end, the Adam Walsh Act "does not retroactively punish petitioners for past crimes but rather regulates 'dangers that arise postenactment'—specifically, the dangers that convicted sex offenders may pose to new immigrants." *Bremer*, 834 F.3d at 932 (quoting *Vartelas v. Holder*, 566 U.S. 257, 271 n.7 (2012)).

As for the second step, the Adam Walsh Act is not so punitive that it negates Congress' intent to create a civil regulatory scheme. To decide if the effects of the Adam Walsh Act "are in fact overly punitive," the "most relevant" factors are "whether, in its necessary operation, the [Act]: has been regarded in our history and traditions as a punishment; imposes an affirmative disability or restraint; promotes the traditional aims of punishment; has a rational connection to a nonpunitive purpose; or is excessive with respect to this purpose." *Young*, 585 F.3d at 206 (citations and quotation omitted). The Court's consideration of these factors confirms that the Act is not overly punitive. To be sure, the Act "imposes an affirmative

11

restraint" insofar as it "makes it more difficult for a citizen convicted of a specified offense to obtain [lawful permanent resident] status for his or her non-citizen relatives." *Gebhardt*, 879 F.3d at 986. But that limited affirmative restraint is outweighed by the Act's "clear non-punitive purpose: preventing those convicted of specified offenses from having access to the persons that they are most likely to harm." *Id.* And "perhaps most importantly," the Act "is not unduly excessive with respect to its purpose." *Id.* That is because the Adam Walsh Act "expressly provides an exception for those petitioners who pose 'no risk'—*i.e.*, those who do not threaten the civic interests that Congress was trying to protect." *Id.* at 987.

For his part, Plaintiff does not engage with any aspect of the required two-step Ex Post Facto analysis. And Plaintiff does not acknowledge or try to distinguish any of the federal appellate authority rejecting retroactivity challenges materially identical to the one he brings here. *See, e.g.*, *Bremer*, 834 F.3d at 932 (rejecting Ex Post Facto challenge to the application of the Adam Walsh Act to a I-130 petition); *Gebhardt*, 879 F.3d at 986–87 (same); *Bakran*, 894 F.3d at 566–67 (same).

Accordingly, because Congress meant to establish a non-punitive civil regulatory scheme when it enacted the Adam Walsh Act, and because the Act is not so punitive that it negates Congress' intent to create a civil regulatory scheme, applying the Act to Plaintiff's petition does not violate the Ex Post Facto Clause. Because applying the Adam Walsh Act to Plaintiff's petition does not violate the Ex Post Facto Clause, the Court grants Defendants' motion to dismiss Plaintiff's retroactivity challenge to the Adam Walsh Act (count one) for failure to state a claim.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' motion[28] to dismiss Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) is **GRANTED**. Plaintiff's complaint is **DISMISSED**. Count one of the complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim. Counts two and three are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. A final judgment will follow in accordance with Federal Rule of Civil Procedure 58.

New Orleans, Louisiana, this 21st day of February, 2025.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[28] ECF No. 12.